UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOVICA PETROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1770 HEA |
| | ) | |
| JOHN JACKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that the complaint fails to state a claim upon which relief can be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

This case arises out of plaintiff's conviction on four counts of interstate stalking and two counts of interstate extortionate threat. *United States v. Petrovic*, No. 4:10-CV-415 HEA (E.D. Mo.). Plaintiff had terrorized his ex-wife and publicly humiliated her. *See United States v. Petrovic*, 701 F.3d 849, 852 (2012). His conduct occurred over the internet and through digital pictures and recordings, among other things. Pursuant to his arrest, his laptop computer was seized. Before it was returned to him, the government reformatted his laptop, destroying all of the information contained within it.

Plaintiff sues a United States Postal Inspector and two United States Attorneys under *Bivens*. He says their conduct in reformatting his laptop was negligent.

## Discussion

Negligence is not actionable in a Bivens case. *See Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir.1988) (even gross negligence does not implicate the due process clause in a *Bivens*-type suit). As a result, the complaint fails to state a plausible claim for relief.

Moreover, this is the third iteration of plaintiff's claims. He filed several motions for return of property in the criminal case, one of which was converted to a civil action. *Petrovic v. United States*, No. 4:15-CV-1493 HEA (E.D. Mo.). And he filed a frivolous case under the Federal Torts Claim Act, which was dismissed under 28 U.S.C. § 1915(e).. *Petrovic v. United States*, No. 4:16-CV1744 SNLJ (E.D. Mo.). He has abused the process of the Court by filing repetitious actions. As a result, this action is dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 12th day of April, 2017

                                                    HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE